**BRANDON et al. v. SCHROEDER et al.**
No. 11439.

Court of Civil Appeals of Texas. Galveston.
Dec. 10, 1942.

Rehearing Denied Jan. 14, 1943.

Dissenting Opinion Jan. 22, 1943.

600

See, also, 149 S.W.2d 140.

Sewell, Taylor, Morris & Connally, of Houston, for appellants.

C. M Hightower, of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellees.

CODY, Justice.

This is a suit to recover damages on account of personal injuries sustained by Mrs. Schroeder and her son, and for damages resulting from the death of Carl Schroeder, the husband and father, respectively, of Mrs. Schroeder and her son, which resulted from an automobile collision between plaintiffs' car and defendants' truck in Fort Bend County, in September, 1940.

Upon the answers of the jury to special issues judgment was rendered in favor of plaintiffs in the total sum of $16,000 from which the defendants have appealed, specifying the points on which they predicate their appeal, the first of which is: "It was reversible error for the trial court twenty-four hours after the conclusion of the evidence to recall the attorneys and the jury into open court, over defendants' protest, and to state in open court that the two witnesses, Lathrop and Pierce, who had been called by the defendants' attorney on the day before, but were absent, were back in court, and to deliberately tender said witnesses to the attorneys in the presence of the jury, because such action was wholly unnecessary, prejudicial and amounted to an undue comment by the court on the weight of the evidence."

In connection with this first point the facts are that Olin Lathrop and Franklin Pierce, two eyewitnesses to the collision, had been summoned by defendants, and with the other witnesses were, at defendants' request, placed under the rule. Aforesaid two witnesses had testified for plaintiffs upon the trial of the plea of privilege. The attorney for defendants, Mr. Morris, upon the present trial, called Lathrop to testify. The sheriff thereupon called for said witness, outside the courtroom door. The following colloquy then took place:

"Mr. Morris: Your Honor, we have called four of the witnesses now, and they are not here; they are under subpoena, and they are supposed to be here; they were sworn in and put under the rule.

"The Court: Do you rest?

"Mr. Morris: No, Sir, we can't rest without them; if you will wait a little bit, they may show up.

"The Court: Where do they live?

"Mr. Morris: They live at Sugarland.

"The Court: Were they here the first day and sworn in and placed under the rule?

"Mr. Morris: Yes, Sir.

"The Court: It might impress them with the necessity of coming, if I fine them.

"Mr. Morris: Yes, Sir, Olin Lathrop and Mr. Franklin Pierce were here yesterday, and left the Court House without any reason. Mr. and Mrs. Siler had to go to see about a sick child, and they left on call * * *."

Later Mr. Morris, in open court, announced that, reserving the right to place Lathrop and Pierce on the witness stand if they got there, he rested. Mr. Hightower, counsel for plaintiffs, asked if the court had not sent for those witnesses—

"The Court: Yes, Sir, I have ordered an attachment for them.

"Mr. Hightower: I would like for the Court to wait until they get here.

"Mr. Morris: We don't intend to use them, only in rebuttal, but otherwise, we rest.

\*     \*     \*     \*     \*

"The Court: Well, you rest, with that exception?

"Mr. Morris: Yes, Sir."

The foregoing colloquies are in addition to the matter shown in appellants' bill of exceptions, upon which they base their Point No. 1. The bill of exceptions is quite lengthy, covering some eight pages of the transcript. Only its substance can be given, which is: That at 2 p. m., on March 27, 1942, after both sides had closed on the day before, the court in chambers reminded the attorneys that he had issued an attachment for Lathrop and Pierce and entered a fine of $10 against each of them, and told them they were now in the custody of the sheriff, and that he would announce before the jury that the witnesses were now "available to counsel as witnesses if they desired to place them upon the stand."

Thereupon Mr. Morris made his objection to the court so tendering the witnesses because the evidence had been closed the afternoon before, and he had advised the court that he did not then desire the witnesses, and also had advised the court that to bring back the witnesses to tender would embarrass the defendants and benefit plaintiffs' side. That the tender of the witnesses by the court, knowing that defendants would not use them, constitutes a comment by the court upon the failure of defendants to use such witnesses. That said witnesses had testified as witnesses for plaintiffs upon the plea of privilege trial; that said witnesses had been held in jail over night, and, as they had been summoned by defendants, they probably considered defendants responsible therefor and so felt hostile; that defendants had dismissed their witnesses before they knew of the court's contemplated action, and could not rebut any adverse testimony they might give. The bill of exceptions goes on to reflect that Mr. Hightower then made a statement to the court, offered as a qualification of the bill, that both counsel knew that the court had assessed fines against said witnesses and issued an attachment for their bodies before plaintiffs had closed their rebuttal, and that the witnesses would not be home until night, and so could not be attached until then, and that defendants' counsel, knowing the witnesses could not be available until the next day (i. e. March 27), nevertheless again called the witnesses.

The court overruled the defendants' exception on the ground that the witnesses had disobeyed the instruction of the court, and stated that he had notified counsel for both sides before they closed their evidence on the 26th that he would have the witnesses available to testify on the 27th, and intended to tender them in open court to both sides before the jury. The court stated that at the time he so notified counsel that he would tender the witnesses to them in open court on the 27th, they both told him they did not want them.

The foregoing, as noted, happened in chambers: the following took place before the jury:

"The Court: Now the Court desires to announce to counsel for plaintiff and defendant in this case that the witnesses Olin Lathrop and Frank Pierce, who were placed under the rule on Monday, and who failed to answer when called as witnesses, are now in attendance upon the court and are available to counsel for both sides, if they desire to use them.

"Mr. Hightower: Plaintiff doesn't care to re-open its case, Your Honor.

"Mr. Morris: Your Honor, the defendant closed its case yesterday, and we are through.

"The Court: You are through?

"Mr. Morris: Yes, sir."

The court thereafter, in the absence of the jury, questioned said witnesses, and developed from them that they had attended on the court until Wednesday at noon, and saw other witnesses leaving and concluded they weren't going to be used. The court's examination of said witnesses concluded:

"The Court: You just left for something that some other witness told you when he was excused, and they didn't come back?

"Mr. Lathrop: No sir, but I didn't figure I was disobeying the law."

The substance of appellants' complaint in its first point is thus seen to be that the court unjustifiably interfered with appellants' counsel in the conduct of their case as to what witnesses should be called on appellants' behalf, and that such interference by the court, when he knew that appellants' counsel would not use the tendered witnesses, constituted a comment by the court upon the failure of appellants to call such witnesses to the stand.

■ The right of a litigant to be represented by counsel of his own choice is, under our system, a fundamental right. What witnesses a litigant shall place upon the stand is peculiarly addressed to the judgment of the litigant and his counsel. It is because of this well-known fact that any argument of counsel addressed to the jury which comments upon the failure of adverse counsel to produce witnesses which are equally available to both sides is not permitted. See A. B. C. Storage & Moving Co. v. Herron, Tex.Civ.App., 138 S.W.2d 211. If the court comments upon the failure of one of the litigants to call a witness who is equally available to both sides the harm is greatly aggravated. The court evidently considered that by tendering the witnesses to both sides in open court he thereby avoided this error. Let us see if such course did avoid such error.

To start with, the bill of exceptions makes it abundantly clear that the counsel for both sides considered that said tender of the witnesses before the jury would be advantageous to appellees and harmful to appellants. By what had happened in the presence of the jury, that is the calling of the witnesses by Mr. Morris, the jury knew that the witnesses were appellants. They would certainly not draw any inference unfavorable to appellees because of appellees' failure to take advantage of such tender. It is not pretended that Mr. Morris did not call the witnesses in good faith. He later informed the court that he would use the witnesses only if needed in rebuttal, and later closed without using them. If it were incumbent for him to explain why he did not choose to make use of the witnesses, we believe sufficient explanation would be that he feared the witnesses would charge to him the fact that the court had them held in jail over night.

■ Appellees justify the action of the court as the exercise of its power to enforce its jurisdiction and to compel the witnesses to attend upon the court. Burttschell v. Sheppard, 123 Tex. 113, 69 S.W. 2d 402. But the question isn't whether the court exceeded his power when he enforced his jurisdiction by compelling the witnesses to attend upon the court. By law, witnesses may be compelled to attend upon court until dismissed by the court or by the party who has summoned them. So far as the parties are concerned, the witnesses had been discharged when the evidence was closed without using them. And appellants did all in their power to have them dismissed before they were tendered to them before the jury. Under Rule No. 270, Texas Rules of Civil Procedure, the court may permit additional evidence to be offered at any time where it clearly appears to be necessary to the administration of justice. This very salutary rule authorizes the court to reopen the evidence where, but for such rule, justice might miscarry. By its force evidence may be, at the court's discretion, admitted which would otherwise not be admissible because offered too late. But it does not otherwise alter the rules of evidence as to the character of evidence which is admissible; hearsay evidence would no more be admitted under this rule than it could be admitted if offered before the evidence had been closed.

■ Necessarily, the discretion vested in the trial court over the conduct of a trial is great. If there were any suggestion that Mr. Morris had anything to do with bringing about the situation which confronted the court, or was not in the exercise of good faith, a different situation would be presented. Or if after the situation had developed he undertook to manipulate matters so as to possess the jury with belief that his witnesses had been tampered with and caused to disappear, a different situation would be presented. While the situation which confronted the court seems to have been unique, and no case which seems in point has been cited, it is quite clear that the action of the court placed appellants in the light before the jury that they should use these witnesses whom they had summoned and called, but who were unjustifiably absent when called. The fact that the court tendered the witnesses to appellees, also, does not save the error from being harmful. The court knew, and the jury must be taken to have known, that the appellees would not make use of the witnesses appellants had called.

While we have been cited to no case which we consider rules the decision in this case, we have concluded that the action of the court, under the circumstances, by forcing appellants to decline to use the witnesses before the jury was erroneous, and we sustain appellants' point No. 1. This renders it improper to pass upon the remaining points.

Reversed and remanded.

On Motion for Rehearing.

GRAVES, Justice (dissenting).

As the court's order refusing appellees' motion for rehearing recited, the ground of this dissent is that no abuse of the trial court's discretion was made to appear under appellants' point No. 1, which alone this court sustained in originally reversing and remanding the cause.

The language of that point, which is quoted in the court's opinion in haec verba, seems to be somewhat inept in its recitations as to just what the trial court did. The record shows it to have been precisely this and nothing more:

"The Court: Now, the Court desires to announce to counsel for the plaintiff and defendant in this case that the witnesses Olin Lathrop and Frank Pierce, who were placed under the rule on Monday, and who failed to answer when called as witnesses, are now in attendance upon the Court, and are available to counsel for both sides, if they desire to use them.

"Mr. Hightower: Plaintiff doesn't care to re-open its case, your Honor.

"Mr. Morris: Your Honor, the defendant closed its case yesterday, and we are through.

"The Court: You are through?

"Mr. Morris: Yes Sir."

Just how that carefully-defined procedure upon the trial court's part may properly be characterized as "an undue comment by the Court on the weight of the evidence", which formed the sole basis for appellants' attack upon it, does not readily occur; on the contrary, from its terms, there does not seem to have been the remotest reference to the evidence, let alone an effort, whether conscious or not, nor even a resulting tendency, to lend any color whatever to either side of it, but merely to properly pursue the court's province in directing the trial of the cause and controlling the witnesses and other agencies through to its conclusion— all the court did in the presence of the jury being to tell counsel for both sides jointly that the two witnesses, who, the jury well knew, had the day before violated the positive instructions of the court after they had been subpoenaed, were then available and could be used by either side.

That a trial court, under our system, is given a broad discretion as to whether or not it will reopen a cause on trial and permit or refuse the giving of additional evidence, is so well settled as not to require the citation of authorities; but these holdings are noted: Texas Co. v. Ramsower, Tex.Com.App., 7 S.W.2d 872; Sammann v. Deitrich, Tex.Civ.App., 39 S.W.2d 647; Day v. Andersen, Tex.Civ.App., 62 S.W.2d 201; Cross v. Texas Military College, Tex. Civ.App., 65 S.W.2d 794.

The action here taken by this able and experienced trial judge seems to have been nothing more or less than the cautious and careful exercise of that authority; if that be true, the reversal upon a contrary construction of it ought not to stand.

Other authorities having to do with different manifestations of the same power in the trial courts, and the rather uniform constructions they have placed upon its use, are these: 44 Texas Jurisprudence, p. 1084; Donoho v. Carwile, Tex.Civ.App., 214 S.W. 553, writ refused; Mena v. Byers, Tex.Civ.App., 237 S.W. 330; Dallas Consolidated Electric St. R. Co. v. Broadhurst, 28 Tex.Civ.App. 630, 68 S.W. 315, writ refused.

Despite great respect for the majority action, it is suggested that the motion for rehearing should have been granted, and the trial court's judgment—at least as against this single objection to it—should have been affirmed.