MRS. LYDIA SCHROEDER ET AL V. M. B. BRANDON ET AL.

No. 8084. Decided June 23, 1943.
(172 S. W., 2d Series, 488.)

R. A. *Bassett,* of Richmond, *Vinson, Elkins, Weems & Francis* and *C. M. Hightower,* all of Houston, for petitioners.

It was error for the Court of Civil Appeals to hold that the trial court committed reversible error against respondents in the tending the witnesses, upon their return into court, in the presence of the jury to counsel for both parties, as witnesses, if either desired to use them. Galveston, H. & S. A. Ry. Co. v. Smith, 100 Texas 267, 98 S. W. 240; 41 Tex. Jur. 731; Burttschell v. Sheppard, 110 Texas 113, 69 S. W. (2d) 402.

*Sewell, Taylor, Morris & Connally, of Houston,* and *Chas. E. Crenshaw,* of Austin, for respondents.

MR. JUDGE TAYLOR of the Commission of Appeals delivered the opinion for the Court.

In this case the trial court upon a special issue jury verdict awarded plaintiffs, Mrs. Schroeder and her minor son, a judgment for their respective damages sustained on account of the death of Mr. Schroeder (Mrs. Schroeder's husband) caused by a collision between a truck owned by M. B. Brandon and driven by Erwin Smith, and Schroeder's car. The Galveston Court of Civil Appeals, Mr. Justice Graves dissenting, reversed and remanded the case. 167 S. W. (2d) 599; dissenting opinion, id. 603.

The points upon which defendants sought a reversal of the case were (a) that inasmuch as the pleadings and evidence showed that the deceased failed to stop and wait for the train to pass, the trial court erred in refusing to submit to the jury inquiries whether such failure was negligence, and a proximate cause, respectively, of the collision; (b) that inasmuch as the pleadings and evidence showed that Mrs. Schroeder failed to request her husband to stop before entering the highway, the

trial court erred in refusing to charge the jury whether her failure to do so was negligence and a proximate cause of the collision; (c) that "since the evidence supports a judgment for only $304.00 for hospital, doctors' and medicine bills on account of Mrs. Schroeder's injuries, that part of the judgment in her favor for $1,000.00 for such bills should be so reformed as to allow her only $304.00; and (d) that it was error for the trial court over defendants' protect, after the parties had closed, to recall the jury and counsel into open court and advise them that the two witnesses, Lathrop and Pierce, who had been called by defendants but had absented themselves from court, had returned and were in attendance upon the court and available for counsel for both sides if they desired to use them.

A majority of the Court of Civil Appeals reversed and remanded the cause on the point last stated. The ground alleged in the point as presented by defendants in their brief in the Court of Civil Appeals and sustained by that Court, was that the trial court's announcement in the presence of the jury that the witnesses were available, was "unnecessary" and amounted to "an undue comment by the court on the weight of the evidence" and was "prejudicial" to defendants. Writ of error was granted plaintiffs on the ground that the majority of the court erred in sustaining the point.

The following is a brief statement of what happened in the presence of the jury prior to the occurrence complained of by defendants: The witnesses on Monday had been placed under the rule and instructed by the court to remain in the courthouse subject to call at any time by the sheriff. Wednesday afternoon after the plaintiffs had rested Mr. Morris, (representing defendants) asked the sheriff to call Mr. Lathrop who with all of the other witnesses had been placed under the rule when the trial began. The sheriff complied with the request but the witness was absent. Thereupon Mr. Morris said: "Your Honor, we have called four of the witnesses now and they are not here; they are under subpoena and they are supposed to be here; they were sworn in and put under the rule." At that time counsel for plaintiffs and defendants had finished the examination of several of the witnesses of the respective parties. Following plaintiffs' announcement that they rested, and the call of defendants' witnesses as detailed above, the court inquired of Mr. Morris, when it was ascertained that the witnesses were absent, whether he desired to rest. The following colloquy ensued:

"Mr. Morris: "No, Sir, we can't rest without them, if you will wait a little bit, they may show up.

"The Court: Where do they live?
"Mr. Morris: They live at Sugarland.
"The Court: Were they here the first day and sworn in and placed under the rule?
"Mr. Morris: Yes, Sir.
"The Court: It might impress them with the necessity of coming if I fine them.
"Mr. Morris: Yes, sir, Olin Lathrop and Mr. Franklin Pierce were here yesterday, and left the courthouse without any reason. Mr. and Mrs. Siler had to go and see about a sick child, and they left on call; they called yesterday; and I feel sure they will come in.
"The Court: Well, we will wait a little while, and maybe they will come in."

Later Mr. Morris, after the court had waited until Mr. and Mrs. Siler had returned, put them on the stand and their examination was completed. The next day the following occurred:

"Mr. Morris: Your Honor, with the exception of the right to put Mr. Lathrop and Mr. Pierce on the stand, if they get here, and reserving that right, the defendant rests, with that exception, Your Honor.
"Mr. Hightower: Judge, I believe the court has sent for those witnesses.
"The Court: Yes, sir, I have ordered an attachment for them.
"Mr. Hightower: I would like for the court to wait until they get here.
"Mr. Morris: We don't intend to use them, only in rebuttal, but otherwise we rest.
"The Court: You have that right anyway, without reserving it.
"Mr. Morris: Maybe so, but I just didn't want to waive my right to have them here.
"The Court: Well, you rest, with that exception?
"Mr. Morris: Yes, sir."

Mr. Hightower then proceeded with his rebuttal testimony and when he had finished, again rested. The following occurred:

"Mr. Morris: We close, your Honor. Wait just a minute, there is a witness I may put on. We close, your Honor.
"Mr. Hightower: We close."

The next proceeding was in chambers at one o'clock the next day. The court there stated in substance to counsel ·for

both sides that "on yesterday" March 26th, he had "recessed the jury" until one o'clock the next day, March 27th; that after Lathrop and Pierce had been called by defendants as witnesses and were found to have absented themselves from court, he had "issued an attachment for said witnesses and entered a fine of ten dollars each against them"; that the sheriff had thereafter informed him that the witnesses had left the county but would return on the night of March 26th, and had later informed him that the attachment had been served and that said witnesses were "in attendance upon the court" in his custody. Upon the court's advising counsel for both sides that he would announce to them in open court that the witnesses were in attendance "and available * * * as witnesses if they desired to place them upon the stand," Mr. Morris objected to the court bringing the witnesses "before the bar and tendering them." The court replied that he was not going to "bring them before the bar," that they were "in attendance under the rule." Further protesting the court's announced course of procedure Mr. Morris made it known that he did not want to state in the presence of the jury the objections to be incorporated in his bill of exceptions and was given leave, upon his request therefor, to state them in chambers. The objections and argument in support thereof, were, briefly, that the statement which the court proposed to make in open court would be tantamount to a comment on the weight of the evidence and would prejudice the jury against defendants; that he in good faith had called the witnesses, including Lathrop, and that "although the witness (Lathrop) * * * on trial of the plea of privilege * * * had testified in behalf of plaintiffs," he would have used the witnesses if they had been present when called; that he had no notice of the court's intention to recall the witnesses until after the evidence had been closed and the other witnesses had been excused; that if Lathrop and Pierce should testify against defendants he would be "without any right" to recall the other witnesses to impeach their testimony, or contradict it.

Mr. Hightower was given leave to incorporate in the bill by way of qualification a statement to the effect that both counsel "knew that the court had assessed the fines and issued the attachment and that the sheriff had reported back to the court that the witnesses had gone to Pasadena, and wouldn't be home until last night, and that * * * when plaintiff closed their rebuttal yesterday, Mr. Morris again * * * in the presence of the jury called these two witnesses as rebuttal witnesses * * * at a time when the court had already informed counsel that the sheriff had not been able to serve the attachment because they had gone to Pasadena. * * *."

The court in overruling and qualifying the bill of exceptions stated that the witnesses "had disobeyed the instruction of the court; that while plaintiffs and defendants had rested and closed their evidence he notified both counsel "on yesterday" that the attachment would be served and the witnesses "would be present at one o'clock, March 27" and that he would tender them to counsel in open court * * *." The court further stated that he had not up to that time, excused any witnesses for either plaintiffs or defendants from the rule and that if any were not present (other than Lathrop and Pierce) it had not been "by reason of the court excusing them from the rule, and they should be in attendance upon the court at this time; it being the court's intention, if either party desired to use said witnesses, to reopen the case and permit them to do so."

We deem it unnecessary to recount at any greater length what was stated in chambers and incorporated in the bill. The jury knew nothing of the proceedings there. The question to be decided must be considered in the light not only of what occurred when the witnesses were made available to the parties, as complained of, but also in the light of what took place in the presence of the jury prior to that time. All of the prior occurrences have already been set out above verbatim. The following is what took place in the presence of the jury pursuant to the court's statement in chambers:

"The Court: Now the court desires to announce to counsel for plaintiff and defendant in this case that the witnesses Olin Lathrop and Frank Pierce, who were placed upon the rule on Monday, and who failed to answer when called as witnesses, are now in attendance upon the court and are available to counsel for both sides, if they desire to use them.

"Mr. Hightower: Plaintiff doesn't care to reopen its case, Your Honor.

"Mr. Morris: Your Honor, the defendant closed its case yesterday, and we are through.

"The Court: You are through?

"Mr. Morris: Yes, Sir."

The question presented, briefly stated, is whether the trial court in following the procedure complained of, was guilty of an abuse of his discretion. The assignment of error in defendants brief presenting the question in the Court of Civil Appeals, alleged that it was reversible error for the trial court to follow such procedure because "such action was wholly unnecessary,

prejudicial and amounted to an undue comment by the court on the weight of the evidence."

The procedure of the trial judge made the basis of plaintiffs' point upon which the writ of error was granted, was within the sphere of his official duties and the presumption is that he acted fairly and in good faith and "in exercise of sound discretion." Aetna Cas. & Sur. Co. v. Love (Com. App.), 132 Texas 280, 121 S. W. (2d) 986; Anderson v. Polk, 117 Texas 73, 297 S. W. 219; Mexia Ind. School Dist. v. City of Mexia (Com. App.), 134 Texas 95, 133 S. W. (2d) 118, 134 A. L. R. 1277; Ferguson v. Johnson (wr. dis.), 57 S. W. (2d) 372. As a general rule, *"an appellate court will not review the trial court's actions * * * with reference to matters resting in the latter's judicial discretion, unless such discretion has been clearly and prejudicially abused."* (Italics ours). 5 C. J. S. APPEAL and ERROR, Par. 1583. As pointed out in the opinion of the Court of Civil Appeals in the present case, "the discretion vested in the trial court over the conduct of a trial is very great." It is stated in 30 Am. Jur. JUDGES, Par. 50, that "the law imputes good faith to judicial action and the burden is on the one attacking it both to allege and prove the want of it." See also 5 C. J. S. APPEAL and ERROR, Par. 1584. The foregoing principles are the established law of this State and are controlling in the present case. Cases cited supra; also Casstevens v. Texas & P. Ry. Co., 119 Texas 456, 32 S. W. (2d) 637, 73 A. L. R. 89; Peters v. City of San Antonio (Civ. App.), 195 S. W. 989; Smith's Heirs v. Hirsch (wr. ref.), 197 S. W. 754; United Emp. & Cas. Co. v. Curry (Civ. App.), 152 S. W. (2d) 862; Brenan v. Eubanks (Civ. App.), 56 S. W. (2d) 513; Burnett v. Surratt et al (wr. ref.), 67 S. W. (2d) 1041.

In Peters v. City of San Antonio Chief Justice Fly stated in the opinion of the Court that while "in case of apparent abuse of discretion an appellate court might reverse the order or decree of the trial judge, * * * it should appear clearly from the record that there has been a disregard of the rights of parties before such action will be taken." The rule is thus stated in Smith's Heirs v. Hirsch: "It is true, this court has authority to review matters involving the exercise of discretion by the trial judge, but it is also a well-settled rule in this State that the appellate courts will not reverse causes on the ground that the trial court abused its discretion in some matter, unless it is made clearly to appear to the appellate court that such discretion was abused to the prejudice of the complaining party." Writ of error was refused. In the United Employers and Brenan

cases, supra, the complaining party had the burden of showing that the trial court abused its discretion.

Defendants in their brief in the Court of Civil Appeals complained in their first point, and contend here, that the procedure of the trial court constituted reversible error, "because such action was wholly unnecessary, prejudicial and amounted to an undue comment by the court on the weight of the evidence."

Neither counsel nor the Court of Civil Appeals point to any rule, statute or decision which even remotely suggests that by analogy or otherwise the action of a trial judge in reopening a case under circumstances similar to those set out above, constituted an abuse of discretion. The Court does refer in its opinion to rule 270 (applicable to district and county courts) which gives the trial judge authority *at any time,* other than after a jury verdict has been received, to permit additional evidence when it clearly appears to be necessary to the due administration of justice; and suggests that "but for such rule, justice might miscarry." No applicability to the present facts however is claimed by the Court for the rule and it is merely observed that by "its force evidence may be, at the court's discretion, admitted which would otherwise not be admissible because offered too late."

We agree with the statement in the dissenting opinion to the effect that the trial judge's action was not a comment upon the weight of the evidence. He referred in no way to any of the testimony. He made no suggestion by word of mouth or otherwise that either plaintiffs or defendants should use the testimony of Lathrop and Pierce. He merely gave both counsel the opportunity to do so and was careful to announce that the witnesses were available to plaintiffs and defendants alike.

A majority of the Court of Civil Appeals, however, seemed to view the trial court's procedure as tantamount to a comment by him in the presence of the jury upon the failure of defendants' counsel to put Lathrop and Pierce on the stand. Argument by Mr. Morris to this effect in support of his objection to the procedure is set out in the bill of exceptions. We cannot agree with this view. The judge was confronted not merely with a situation of absent witnesses but with a situation in which witnesses were wrongfully absent who had been called to testify by counsel for one of the parties. They were absent, as was manifest to all, without fault on the part of the counsel who called them. Mr. Morris, not knowing of their absence, had

called them in good faith; and upon ascertaining they were wrongfully absent, had announced to the court in emphatic terms in the presence of the jury that he could not rest his case without them. While subsequently, after other witnesses had testified on behalf of defendants and plaintiffs, respectively, Mr. Morris rested his case conditionally, and still later closed his case without the desired testimony, the situation before the court, with respect to the absent witnesses was such as was calculated to cause speculation on the part of the jury. They had heard counsel's emphatic announcement to the court, and did not know when Mr. Morris later closed but that he had done so without being afforded an opportunity to procure the absent testimony. It will be presumed, since defendants do not question the trial court's motive in taking the action complained of, that he felt an obligation in view of what had occurred, to reopen the case for the orderly procedure of the trial just as if it had not been interrupted. There is no more basis, not as much in fact, for speculating that the jury presumed Lathrop and Pierce would have testified against defendants if Mr. Morris had put them on the stand than for speculating that the court desired to afford counsel for plaintiffs and defendants alike an opportunity to resume the taking of testimony which had been interrupted by the unjustifiable absence of the witnesses. The judicial care and apparent fairness with which he gave the opportunity to both sides, indicate that such was his purpose. He, as stated in the qualification of the bill of exception, had excused none of the witnesses who had testified, and, as further stated in the qualification of the bill, he intended to make all witnesses available to counsel should he so desire.

We overrule defendants' contentions, and adhere to the view entertained by us when the writ was granted. We agree with the holding of the minority opinion that defendants did not clearly show that the trial court abused his discretion. Our reasons for the conclusion stated may be well summarized in the following excerpt (U. S. F. & G. Co. v. Rochester, 281 S. W. 306, affirmed 115 Texas 404, 283 S. W. 135), Chief Justice Connor speaking for the court:

"We see nothing in all this that justifies a reversal of the judgment below or even ** extended discussion. * * * The trial judge * * * should not be restricted to the functions of a mere umpire between opposing counsel. He is charged by conscience and law with the fundamental duty of seeing that truth is established and justice done. In doing this, of course, he must observe and be guided by the statutes and authorities decisions

designed to bring about such results; but, when it is reasonably apparent that a distinterested and fair effort has been made to do so, *we think the complaining party should bear the burden of showing clearly that the court's action was materially prejudicial to him. * * *.*" (Italics ours).

The Court of Civil Appeals did not pass upon the other points of error in defendants' brief relied upon by them for reversal of the judgment below, one of which, at least, involved a fact issue on which the judgment of that Court is final. Under this situation, according to our established practice, the cause should be remanded to the Court of Civil Appeals for consideration of all points not considered by it in its former opinion. McKenzie Const. Co. v. City of San Antonio, 131 Texas 474, 115 S. W. (2d) 617 and cases there cited.

It is accordingly so ordered.

Opinion adopted by the Supreme Court June 23, 1943.