NO. 07-00-0198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 6,  2001

______________________________

JOE LOUIS ACOSTA,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 230th
 DISTRICT COURT OF HARRIS COUNTY;

NO. 80,6085; HON. BELINDA HILL, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Joe Louis Acosta (appellant)
 appeals his conviction for aggravated robbery.  His three points of error concern whether the trial court erred in allegedly dismissing a juror who had been selected, reading testimony to the jury which exceeded the scope of the jury’s request, and requiring appellant (who voluntarily chose to testify) to testify before the presentation of other defense evidence.  We overrule each point and affirm the judgment.

Point One

Appellant initially contends that the trial court erred in dismissing a juror who had been selected.  The record reveals that, to the extent that the juror had been selected, he had repeatedly failed to appear for service as ordered by the trial court.  Thus, the court proposed to the litigants that the juror be replaced by an alternate.  Both the State and appellant agreed to the proposal.  Thereafter, the juror was dismissed with the acquiesensce of all involved.  Assuming 
arguendo
 that the trial court erred in doing so, the error was invited by both the State and appellant.  And, being invited by both litigants, neither can complain of it now.   
Union City Body Co. v.  Ramirez
, 911 S.W.2d 196, 202 (Tex. App.–San Antonio 1995, no pet.) (stating that a party cannot lead a trial court into error and then complain about it on appeal).  

That appellant later withdrew his acquiesensce matters not.  By that time, the trial court had acted upon the litigants’ agreement, dismissed the juror and commenced interrogating the alternate.  Because the court  relied upon appellant’s representation  began the pursuit of a specific course of action based upon that representation, appellant was not entitled to change his mind and begin anew.

Point Two

Next, appellant contends that the trial court erred in reading testimony to the jury which exceeded the scope of their request.  After retiring to deliberate, the jury asked of the court the following question:

“Did or Did [sic] not Officer Malone testify that a knife was used in the alleged 

crime?  We are in disagreement as to wether [sic] or not Mr. Nguyen Reported 

[sic] a knife the First [sic] time He [sic] called the Police. “

To the second portion of the question, 
i.e.
 that part relating to the disagreement involving Nguyen’s reporting a knife, the trial court responded: “. . .  there is no testimony responsive to that question.”  As to the first part of the question, the court had read to the jury the following passage from Malone’s testimony:

Question: At the time that you gave the information for the general broadcast, did you have reason to believe a weapon to be involved?

Answer: Yes.

According to appellant, the passage was “not responsive to the simple question” propounded by the jury. 

Statute dictates that if a jury disagrees as to the statement of any witness, they may have read to them “that part of such witness testimony or the particular point in dispute, and no other.”  
Tex. Code Crim. Proc. Ann.
 36.28 (Vernon 1981); 
Megason v. State
, 19 S.W.3d 883, 888 (Tex. App.–Texarkana 2000, pet. ref’d).  Among other things, this provision obligates the trial court to interpret the communication, decide what sections of the testimony best answers the query, and then limit the reading of same to that testimony.  
Brown v. State
, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994).  And, in performing these duties the trial court is vested with discretion.  
Id.
  

In determining whether the trial court complied with the foregoing authority, we turn to the communication propounded by the jurors.  Upon doing so, we see that it consisted not only of an interrogatory but also a statement explaining the tenor of their disagreement. That is, while the specific question involved whether Malone testified that a knife was used, the jury explained that it actually disagreed about whether Nguyen (the victim of appellant’s robbery) initially reported that a knife had been used.  So, since the jury uttered the statement to explain the basis for its question, the tenor of the question had to be interpreted with an eye towards the explanation proffered.  In other words, neither part of the communication could be considered in a vacuum; they had to be construed together.   And, in interpreting the note as a whole, it appears that the jury was actually soliciting  testimony regarding the victim’s disclosure, if any,  to the police that a knife was used.  The question being capable of such a reasonable interpretation, we cannot say that the testimony read to the jury exceeded the scope of the inquiry. 

Point Three

Lastly, appellant argues that the trial court required him to testify before putting on other defense evidence, and, in doing so, it interfered with his state and federal constitutional rights to effective assistance of counsel.  Allegedly, appellant’s counsel  “prefer[red]” to call a law enforcement officer (Malone) to testify before appellant  appeared on the stand.  However, the officer was not in the courtroom despite effort to contact him.  Thereafter, the court noted that there had already been delays in the proceeding and the officer “could have been paged to be here before now.”  So, having waited for approximately 20 minutes, the court decided to proceed with the trial.  Counsel then “re-urge[d [his] reservation to call . . . Malone before [he] put [his] guy on the stand.”  After it was determined again that Malone had not arrived, the court again stated “I am ready to proceed,” which it did.  At that point, defense counsel called appellant to the witness stand.  

Throughout the dialogue between the court and appellant’s counsel, appellant  said nothing about the court interfering with any constitutional right to effective assistance of counsel.  Nor did he mention anything about the presentation of the officer first as being some aspect of an important strategy, as appellant now argues.  So, because neither ground was proffered below, neither was  preserved for review.  
Tex. R. App. Proc
.
 33.1(a).

Yet, assuming that the grounds had been preserved, the record nonetheless discloses that the trial court did not “require” defendant to take the stand at that time.  Rather, it merely stated that it was “ready to proceed” after having already waited twenty minutes for appellant to present his next witness.  Furthermore, nothing the trial court  said or did precluded appellant from tendering evidence other than his own testimony, had he any.  Again, the trial court  merely indicated that it wanted to proceed after having waited for the witness to arrive. 

While it may be that a defendant has the right to effective counsel and that the right may include opportunity to pursue certain trial strategies, it cannot be forgotten that the trial court has ultimate control over the trial and how it is to proceed.  Indeed, his discretion in the matter is not only great but also presumed to have been exercised fairly.  
Schroeder v. Brandon
, 141 Tex. 319, 172 S.W.2d 488, 491 (Tex. 1943).  Moreover, it encompasses the authority to act with an eye towards economy of time.  
Metzger v. Sebek
, 892 S.W.2d 20, 38 (Tex. App.–Houston [1
st
 Dist.] 1994, writ denied), 
cert.denied 
 516 U. S. 868, 116 S. Ct. 186, 133 L.Ed 2d 124 (1995)  (stating that a trial court has the inherent power to control the disposition of the cases on its docket with economy of time and effort).  Given these truisms, we find no fault in the trial court directing appellant to proceed after 1) appellant previously allowed the prospective witness to be excused from court, 2) appellant’s counsel delayed paging the supposed witness until the court was “about to start back in here,” 3) appellant could have paged the witness earlier, and 4) the court, nonetheless waited approximately 20 minutes for the witness to arrive.  Simply put, in proceeding under these circumstances, the trial court did not act unfairly or prejudicially, especially when appellant eventually opted to forego calling  the witness to testify once he arrived.

Accordingly, the judgment is affirmed.

Brian Quinn

   Justice

Do not publish.