**Affirmed and Opinion Filed July 25, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00050-CV**

**BRAD FENTON, Appellant**

**V.**

**NISSAN MOTOR ACCEPTANCE CORPORATION AND NISSAN EXTENDED SERVICES NORTH AMERICA, GP, Appellees**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-02732-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Rosenberg[1]
Opinion by Justice Goldstein

Nissan Motors Acceptance Corporation (NMAC) and Nissan Extended Services North America, GP (NESNA), collectively Nissan, sued Appellant Brad Fenton for seven distinct breach of contract causes of action associated with the financing, loans and guarantees associated with automobile dealerships owned by Fenton. The trial court granted summary judgment on six of the seven causes of action and, after the parties entered into a settlement agreement on the seventh

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned

contractual issue, entered final judgment. Fenton's sole issue challenges the trial court's failure to grant him as much time as he requested to respond to a summary judgment motion. We affirm.

**BACKGROUND**

The facts are well known to the parties, and we therefore limit our factual recitation to those necessary for the determination of this opinion. NMAC filed its suit seeking a deficiency judgment in May of 2019, asserting seven breach-of-contract causes of action, alleging damages in excess of twenty-four million dollars for the breach of an aggregate ten loans and guaranty agreements.

Fenton admitted liability but not the amount of damages. Nissan filed its Traditional Motion for Summary Judgment on March 30, 2020, based upon affidavits and a chart summaries to establish the debt balance. The motion for summary judgment was heard on April 22, 2020. At the time of the hearing, Nissan's counsel stated that the "declarations that we submit are competent, admissible, evidence. Clearly, we're dealing with voluminous records. We're talking about tens of thousands, if not hundreds of thousands of transactions. Every single car that is sold, there's an accounting." Fenton, asserting evidentiary objections, averred that he never received a detail accounting and "at the time the unwinding process . . . , the sale of dealerships occurred, there was $180 million that was owned [sic] to NMAC." Fenton concurred that the documents were voluminous and complained they had not been provided to him with a reasonable amount of time and that he

–2–

should not have been required to pay $24 million without receipt of the documents and information. Nissan countered that detailed statements were provided as part of the ongoing credit relationship for several years prior to the dealerships going into default. During the default period, NMAC, as lender, provided monthly statements identifying "each of the transactions at issue, balance sheets, ledgers, showing what credit was given, what amounts were lent, what amounts were paid back." Nissan averred that Fenton made no request for these records in discovery, thus there was no indication that these records were withheld, and that the closing statements, detailed records of the debt owed, had been provided. Nissan further argued that the consent judgments as to the lending agreements established what each dealership owed and Fenton signed guarantees and a cross agreement as to that debt. Fenton contended he was not "locked down" as a guarantor and could defend by claiming the amounts were incorrect. The trial court recessed the hearing, taking the matter under advisement.

Nissan filed a renewed Motion for Summary Judgment (Renewed MSJ) on August 5, 2020.[2] Fenton filed an unverified Motion to Continue Hearing on Plaintiffs' Traditional Motion for Summary Judgment, advising that the Renewed MSJ consisted of 41,497 pages.[3] Noting the filing difficulties with such a large

---

[2] After the first summary judgment hearing, Fenton requested, and Nissan made available, documents on July 28. Nissan followed the production with the filing of the renewed motion for summary judgment.

[3] Our record contains only Part 1 of 5 of Plaintiff's Traditional Motion for Summary Judgment. CR 710-982. Fenton identified Part 1 contained 274 pages; Part 2 contained 13,803 pages; Part 3 contained

–3–

motion, Fenton averred that he received the complete initial version of the filing on August 7, 2020. The notice of hearing, filed August 13, set the hearing for September 4, 2020.

Fenton's unverified motion to continue complains that with the response date established as August 28, he had "a mere 21 days to review the 41, 497 pages, none of which bore Bates stamps or hyperlinks." In the continuance motion, Fenton requested "an additionally thirty (30) days to accomplish the review if the Plaintiffs insert Bates stamps to the pages and an additional thirty days (for a total of 60 days) if the Plaintiffs continue the inexplicable failure to insert Bates stamps."

On September 4, the trial court heard Fenton's arguments for a continuance based upon the voluminous, non-Bates-stamped nature of the evidence presented with the Renewed MSJ. Nissan countered that ninety-nine percent of the evidence and documents had been previously provided to Fenton and his dealerships[4] in the ordinary course of business, with only approximately 193 pages that were not previously provided. Nissan produced the documents through a share-file site, with approximately 11 folders, 10 of which had monthly account statements set out in

18,074 pages; Part 4 contained 8,923 pages; and Part 5 contained 423 pages for a total of 41,497. While we do not have the entire summary judgment record before us, the docket sheet reflects numerous partial filings, comprising the five parts, with multiple subparts, between August 5 and August 6.

[4] Fenton argued the dealerships had the records, but they were sold prior to the filing of the deficiency lawsuits, and he had no access to these dealerships or the computer records. Nissan countered that the dealerships had a contractual obligation to review the statements and contest any issues; if no contest, the statements are deemed contractually conclusive and correct. Fenton noted he had no such agreement with Nissan.

–4–

chronological order with each month a separate PDF. The eleventh folder had reconciliation documents Nissan prepared at the end of the parties' business relationship.

The trial court, confirming liability was not contested and establishing that the only issue before the court was the amount of damages, verbally advised the parties at the end of the hearing:

> I'm going to grant your motion for continuance. I'm going to grant it for 30 days. I'm not going to make the opposing side bates stamp or do anything necessarily. . . .So I will grant the motion for continuance in regards to the motion for summary judgment for 30 days. That will put us somewhere around October the 2nd or October the 9th . . . so let's just say the 9th at this point in time and we'll block off some time for the motion.

On September 8, the trial court signed a written order that provided:

> IT IS ORDERED that the hearing on the Plaintiffs' Traditional Motion for Summary Judgment presently set for September 4, 2020, is continued for sixty (60) days unless on or before September 4, 2020, Plaintiffs' counsel delivers Bates numbered pages of all produced documents and exhibits to the Plaintiffs' Traditional Motion for Summary Judgment to counsel for the Defendant, in which case hearing on the Plaintiffs' Traditional Motion for Summary Judgment should be continued for 30 days.
>
> IT IS ORDERED that Plaintiffs' counsel shall obtain settings consistent with this order.[5]

---

[5] The parties do not argue, and the record does not reflect, any clarification or challenge to the difference between the verbal and written orders, or challenge to the October 12 setting prior to the hearing. The trial court stated at the commencement of the October 12 hearing that "[t]he Defense has renewed that objection in terms of the amount of time for purpose of the summary judgment hearing."

On October 12, 2020, the court heard the renewed motion for summary judgment, partially granted summary judgment on October 20, 2020, as to the first through sixth causes of action, awarded damages in the amount of $11,640,530.03, and granted in part and denied in part NMAC's motion as to the seventh cause of action, setting the matter for trial on the issue of damages. The parties reached agreement on the remaining claim, and the court entered final judgment on October 22, 2021. Fenton filed his motion for new trial based upon the motion for continuance, which was denied by the court on November 18, 2021. This appeal followed.

## DISCUSSION

The granting or denial of a motion for continuance is within the trial court's sound discretion. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). In deciding whether a trial court abused its discretion, the appellate court does not substitute its judgment for that of the trial court, but only decides whether the trial court's action was arbitrary and unreasonable. *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649 (Tex. 1970).

Before the appellate court reverses the trial court's discretionary ruling, "it should appear clearly from the record that there has been a disregard of the rights of

–6–

a party." *Schroeder v. Brandon*, 172 S.W.2d 488, 491 (Tex. 1943); *see also Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 235 (Tex. App.—Dallas 2000, pet. denied).

In the summary judgment context, it is generally not an abuse of discretion to deny a motion for continuance if the party has received the twenty-one days' notice required by rule 166a(c). *Finlan*, 27 S.W.3d at 236; *Crooks v. Moses*, 138 S.W.3d 629, 636 (Tex. App.—Dallas 2004, no pet.) (rejecting appellant's complaint that deadlines in rules are inadequate in the context of no-evidence summary judgment); TEX. R. CIV. P. 166a(c). In this case, not only was the continuance not denied, but upon an unverified motion, Fenton was granted at least an additional 30 days.

We have reviewed the record and it does not reflect that the trial court's action was arbitrary, unreasonable, or in disregard of Fenton's rights. Fenton filed an unverified motion, setting forth the basis for the continuance, which was granted by the trial court after hearing.

Fenton contends that "[n]ot having adequate time to respond to a summary judgment motion is plainly different from not having an adequate opportunity for discovery before a summary judgment hearing." From the inception in May of 2019, the lawsuit was wholly for the purpose of recovering a deficiency judgment. Nissan's Original Petition set forth the agreements, along with the amounts alleged to be due and owing, in pleadings and through attached exhibits. Fenton did not

dispute liability but rather maintained his right to challenge the amount of that liability.

The trial court held several hearings, considered all of Fenton's objections, and the arguments of counsel. At the hearing of Nissan's initial motion for summary judgment on April 22, 2020,[6] the trial court entertained Fenton's evidentiary objections to the summary of voluminous records, without the back-up documents to support the summary provided. The trial court took the matter under advisement. Immediately after the hearing, Fenton requested production of documents, which were received, in electronic, shared file, organized format, on July 28, 2020. On August 5, 2020, Nissan filed its renewed motion for summary judgment, a request to take judicial notice of enumerated agreed and consent judgments and set it for hearing on September 4, 2020.[7] At the September 4 hearing, the trial court again heard Fenton's objections, Nissan's responses thereto and granted a 30-day continuance. On October 12, 2020, the final summary judgment hearing, the trial court acknowledged Fenton's request for additional time, but continued with the proceedings.

---

[6] We note that the initial motion was filed on March 30, 2020, along with a request to take judicial notice of enumerated agreed and consent judgments. Fenton timely filed his response and objections to Nissan's summary judgment and evidence on April 14, 2020.

[7] The notice of hearing was filed August 13, 2020. Fenton timely filed his motion to continue, the response to the Renewed MSJ and objections to the request for judicial notice on August 28, 2020. Nissan filed its reply memorandum of points and authorities in support of its Renewed MSJ on September 2, 2020.

We cannot substitute our judgment for the trial court. We note that Fenton had at least twenty-one days' notice of the April 22, 2020, summary judgment hearing and fifteen days to prepare and file a response, along with objections, to the initial motion for summary judgment filed by Nissan. Fenton then had an opportunity to request and receive additional documentation on July 28, 2020. Fenton  had the documents requested at least seven days before the filing of the Renewed MSJ, at least twenty-one days' notice of the Renewed MSJ hearing, and fifteen days to prepare and file a response, along with objections and an unverified continuance motion. On September 4, 2020, the trial court granted an additional thirty days, which resulted in a total of thirty-seven days before the next setting of October 12, 2020. Fenton timely filed his amended response and objections on September 28, 2020, twenty-four days after the continuance was granted and over sixty days after he received the documents requested following the April 22 hearing on the initial motion for summary judgment.

Because the rules of civil procedure provide for twenty-one days' notice of hearing and for 7 days to file a response, we conclude that the trial court made its discretionary decision—of providing only a thirty-day continuance, rather than the sixty-day continuance requested by Fenton—by reference to guiding rules and principles, and based upon the clear record before us, the trial court did not act arbitrarily, unreasonably, or in disregard of Fenton's rights. We determine the trial court did not abuse its discretion and, accordingly, we overrule Fenton's sole issue.

## CONCLUSION

Having resolved Fenton's sole issue against him, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/

BONNIE LEE GOLDSTEIN
JUSTICE

220050F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRAD FENTON, Appellant

No. 05-22-00050-CV     V.

NISSAN MOTOR ACCEPTANCE
CORPORATION AND NISSAN
EXTENDED SERVICES NORTH
AMERICA, GP, Appellees

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-02732-
2019.
Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Rosenberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee NISSAN MOTOR ACCEPTANCE CORPORATION AND NISSAN EXTENDED SERVICES NORTH AMERICA, GP recover their costs of this appeal from appellant BRAD FENTON.

Judgment entered this 25th day of July 2023.