304 S.W.3d 368 (2010)
In the Matter of R.D., a Juvenile.
No. 09-0343.
Supreme Court of Texas.
February 12, 2010.
*369 Angela Moore, Michael David Robbins, Bexar County Assistant Public Defender, James Sumner Wheat, San Antonio, TX, for Petitioner.
Susan Dolan Reed, Criminal District Attorney, Linda Garza Molina, Crystal D. Chandler, Asst. Criminal District Atty., Bexar County District Attorney's Office, Ernest Keith McClure, San Antonio, TX, for Respondent.
PER CURIAM.
In this case a jury found that R.D., a juvenile, engaged in delinquent conduct of aggravated robbery. R.D. filed a motion for new trial generally challenging the sufficiency of the evidence to support the jury's verdict, and complaining specifically of the deadly-weapon finding supporting the "aggravated" status of the offense. R.D.'s motion did not specifically challenge the evidentiary basis for the jury's rejection of his affirmative defense of duress, causing the court of appeals to conclude that the issue was waived on appeal. 304 S.W.3d 424, 426. Because the jury's delinquency finding subsumed its rejection of R.D.'s affirmative defense, however, we hold that R.D.'s new trial motion was sufficient to preserve error. Accordingly, we grant the petition and, without hearing oral argument, remand the case to the court of appeals for further review.
Accused of committing aggravated robbery, R.D. claimed that he acted under duress and raised the issue as an affirmative defense at trial. The jury was asked to decide whether R.D. had engaged in delinquent conduct by committing aggravated robbery, and if not, if R.D. had engaged in delinquent conduct by committing the lesser offense of robbery, the distinction being whether a deadly weapon was used. The jury was instructed that the burden of proof for the affirmative defense rested upon R.D., and that if it believed R.D. committed the crime under duress the jury should find that he did not engage in delinquent conduct. The jury found that R.D. had engaged in delinquent conduct by committing aggravated robbery.
R.D. filed a motion for new trial contending the evidence presented by the State was legally and factually insufficient to support the jury's delinquency verdict. R.D. followed this general challenge with a specific challenge to the legal and factual sufficiency of the State's proof of the use of a deadly weapon. The trial court denied R.D.'s motion for new trial.
On appeal, R.D. challenged the legal and factual sufficiency of the evidence supporting *370 the jury's deadly-weapon finding, but also the factual sufficiency of the evidence to support the jury's rejection of his affirmative defense. The appeal was transferred from the Fourth Judicial District Court of Appeals to the Eighth, which upheld the deadly-weapon finding. Applying the transferor court's precedent, the court of appeals held that R.D.'s evidentiary challenge to the jury's failure to find duress was not preserved because he did not specify this ground in his motion for new trial. Accordingly, the court of appeals affirmed.[1]
In a civil case, in order to challenge on appeal the factual sufficiency of the evidence to support a jury finding, the point must be raised in a motion for new trial. TEX.R. CIV. P. 324(b)(2). In In re M.R., 858 S.W.2d 365, 366 (Tex.1993) (per curiam opinion denying application for writ of error), we stated that, unlike the rule in criminal cases, in juvenile proceedings a motion for new trial is necessary to preserve a factual sufficiency challenge.[2] Unlike in In re M.R., however, R.D. did file a motion for new trial. The question is whether that motion was sufficient to encompass R.D.'s complaint on appeal that the jury's rejection of his affirmative defense had no evidentiary support. We conclude that it was.
The jury's single finding that "the respondent. . . did engage in delinquent conduct by committing aggravated robbery" subsumed its rejection of R.D.'s affirmative defense, which was not submitted as a separate question but as an instruction to the delinquency question. In his motion for new trial, R.D. made a general challenge to the legal and factual sufficiency of the evidence to support the jury's delinquency finding. That R.D. followed this general complaint with a more specific one aimed at the deadly-weapon instruction does not constitute a waiver in these circumstances.
Where practical, the rules of civil procedure are to be given a liberal construction in order to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law. TEX.R. CIV. P. 1. See also Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex.1997) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."). We conclude that R.D.'s general challenge to the sufficiency of the evidence to support the jury's delinquency finding met Rule 324's requirement for preserving his challenge to the jury's rejection of his affirmative defense.
Accordingly, pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, without hearing oral argument, we grant R.D.'s petition for review, reverse the court of appeals' judgment, and remand the case to that court for further proceedings.
NOTES
[1] The court noted that had it applied its own precedent, which acknowledged "the drift of juvenile law from its civil roots," In re J.L.H., 58 S.W.3d 242, 246 (Tex.App.-El Paso 2001, no pet.), there would be no requirement of a new trial motion to preserve a factual sufficiency challenge on appeal. 304 S.W.3d at 429.
[2] Since our decision and R.D.'s trial in this case, the Legislature has eliminated the requirement of a new trial motion to preserve a factual sufficiency challenge on appeal in juvenile delinquency cases. TEX. FAM.CODE § 56.01(b1). We make no comment about the continuing viability of In re M.R. in light of subsequent developments in the law.