COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS










IN THE MATTER OF R.D., A
JUVENILE

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-07-00100-CV

Appeal from the

289th Judicial District Court

of Bexar County, Texas 

(TC# 2006-JUV-30111) 





O P I N I O N

            This is an appeal from a conviction for delinquent conduct of aggravated robbery. 
Appellant challenges the legal and factual sufficiency of the evidence supporting the conviction
arguing: the evidence is legally and factually insufficient to support the jury’s finding that he
used or exhibited a deadly weapon, and the evidence is factually insufficient to support the jury’s
rejection of his affirmative defense of duress. This Court previously determined that the
evidence is legally and factually sufficient to support the finding that Appellant used or exhibited
a deadly weapon. In re R.D., 304 S.W.3d 424, 428 (Tex.App.--El Paso 2009, pet. granted). 
With respect to the affirmative defense issue, this Court concluded Appellant failed to preserve it
for our review. Id. at 429. The Texas Supreme Court reversed, holding Appellant adequately
preserved his challenge to the jury’s rejection of his affirmative defense. In re R.D., 304 S.W.3d
368, 370 (Tex. 2010).
BACKGROUND



            Appellant R.D. was convicted of delinquent conduct of aggravated robbery and sentenced
to commitment to the Texas Youth Commission, with the possible transfer to the Institutional
Division of the Texas Department of Criminal Justice for fifteen years. Appellant thereafter filed
an appeal with this Court. In his first two issues, Appellant challenges the legal and factual
sufficiency of the evidence to support the jury’s verdict that he engaged in the delinquent
conduct, and in the last issue, Appellant challenges the factual sufficiency of the evidence to
support the jury’s rejection of his affirmative defense of duress. We previously held the evidence
is legally and factually sufficient to support the jury’s deadly-weapon finding, and thus overruled
Appellant’s first and second issues. In re R.D., 304 S.W.3d at 428. As for the third issue, we
applied the transferor’s court precedent and concluded Appellant failed to preserve this issue
because he did not specify this ground in his motion for new trial. Id. at 429.
            The Texas Supreme Court reversed, holding that Appellant’s motion for new trial was
sufficient to preserve on appeal the issue of whether the jury’s rejection of his affirmative
defense had no evidentiary support. In re R.D., 304 S.W.3d at 370. The Court reasoned that the
jury’s single finding that Appellant engaged in delinquent conduct by committing aggravated
robbery “subsumed its rejection of [Appellant’s] affirmative defense, which was not submitted as
a separate question but as an instruction to the delinquency question.” Id. Therefore,
Appellant’s motion for new trial, in which he generally challenged the legal and factual
sufficiency of the evidence to support the jury’s delinquency finding, did not constitute a waiver
of his complaint regarding his affirmative defense of duress. In re R.D., 304 S.W.3d at 370. The
case is now before this Court on remand for consideration of Appellant’s remaining issue.
            The only issue remaining is Appellant’s assertion that the trial court erred in denying the
motion for new trial because the evidence is factually insufficient to support the jury’s rejection
of Appellant’s affirmative defense of duress. Although juvenile appeals are categorized as civil
cases, when reviewing challenges to the sufficiency of the evidence supporting a finding that a
juvenile engaged in delinquent conduct, appellate courts utilize the same standards applicable in
criminal appeals. See In re M.D.T., 153 S.W.3d 285, 287 (Tex.App.--El Paso 2004, no pet.). 
However, since Appellant’s brief was filed, the Texas Court of Criminal Appeals has ruled that
the only standard applicable to determine whether the evidence is sufficient to support each
element of a criminal offense is the Jackson v. Virginia, legal sufficiency standard. See Brooks v.
State, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in
light of the Brooks decision, we will construe Issue Three as a challenge to the legal sufficiency
of the evidence. See id. at 899.
            A legal sufficiency review requires the appellate court to determine whether,
“[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally
justified in finding guilt beyond a reasonable doubt.” See Brooks, 323 S.W.3d at 899, citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When
conducting such a review, this Court is required to defer to the jury’s role as the sole judge of
witness credibility, and the weight their testimony is to be afforded. Brooks, 323 S.W.3d at 899.
            Appellant argues he established the affirmative defense of duress through his testimony at
trial that he only robbed the victim because Richard Casarez’s father, who allegedly was a
member in the Mexican mafia, threatened to harm Appellant’s family if he failed to follow his
order to rob someone.
            The duress defense is applicable to a case in which the defendant “engaged in the
proscribed conduct because he was compelled to do so by threat of imminent death or serious
bodily injury to himself or another.” Tex.Pen.Code Ann. § 8.05(a)(West 2003). “Imminent”
means something that is impending, not pending; something on the point of happening, not about
to happen. Schier v. State, 60 S.W.3d 340, 343 (Tex.App.--Houston [14th Dist.] 2001, pet.
ref’d). Harm is imminent when there is an emergency situation and it is immediately necessary
to avoid that harm; when a split-second decision is required without time to consider the law. Id. 
A person is compelled to action within the meaning of the duress defense only if confronted by
force or threat of force that would render a person of reasonable firmness incapable of resisting
the pressure. Tex.Pen.Code Ann. § 8.05(c).
            Viewing the evidence in the light most favorable to the verdict, Appellant testified at trial
that he felt threatened by Mr. Casarez’s father, but he did not feel threatened by Mr. Casarez
himself. However, the evidence shows that at the time of the offense, only Mr. Casarez was with
Appellant. Appellant testified specifically that Mr. Casarez’s father was not around when
Appellant put the gun to the victim’s body, and robbed her at gunpoint. Moreover, after his
arrest, Appellant did not inform the police officers that the reason he committed the offense was
because he feared Mr. Casarez’s father would harm his family. At trial, Appellant testified the
reason he continued not to inform the officers was due to his continued fear of the father. The
jury could have properly rejected Appellant’s testimony that he continued not to inform the
officers, due to a persistent fear of Mr. Casarez’s father, by finding it lacked credibility. See
Muniz v. State, 851 S.W.2d 238, 246 (Tex.Crim.App. 1993). Viewing the evidence in the light
most favorable to the verdict, we conclude the evidence is legally sufficient to support the jury’s
rejection of Appellant’s duress defense. Accordingly, Issue Three is overruled.
            Having overruled Appellant’s issues raised for review, we affirm the trial court’s
judgment.

March 16, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.