

**NUMBER 13-13-00103-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**PETER E. PRATT JR.,** <span style="float:right">**Appellant,**</span>

**v.**

**JAMES WAYNE,** <span style="float:right">**Appellee.**</span>

---

**On appeal from the 267th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Peter E. Pratt, Jr. attempted to perfect an appeal from a sanction order and a show cause order issued in trial court cause number 11-5-71651-C in the 267th Judicial District Court of Victoria, County, Texas. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

On February 19, 2013, appellant filed a notice of appeal regarding a show cause order issued by the trial court on February 13, 2013. Upon review of the documents before the Court, it appeared that there was no final, appealable judgment or other order subject to appeal. On February 20, 2013, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction.

On February 25, 2013, appellee, James Wayne, filed a motion to dismiss the appeal for lack of jurisdiction and for damages pursuant to Texas Rule of Appellate Procedure 45. *See id.* R. 45. Appellee contends, inter alia, that the appeal is frivolous and appellant is improperly using the automatic stay associated with this interlocutory appeal to avoid sanctions and the show cause hearing.

Appellant thereafter filed a consolidated response to this Court's directive and to appellee's motion, and appellee filed a reply thereto. Appellant contends that he is filing an interlocutory appeal regarding the trial court's "implicit" denial of his plea to the jurisdiction through orders issued on January 22, 2013, sanctioning appellant, and again on February 13, 2013 issuing a show cause order against appellant. Appellant thus asserts that he is raising an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code sections 51.014(d) (allowing interlocutory appeal by permission), 51.014(a)(8) (allowing interlocutory appeal of order granting or denying a plea to the jurisdiction by a governmental unit), and 101.001 (concerning governmental liability

2

claims under the Tort Claims Act).  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2011); § 51.014(a)(8) (West Supp. 2011); §§ 101.001-.109 (West 2011 & Supp. 2011).

## II. ANALYSIS

After examining and fully considering this matter, we conclude we lack jurisdiction over this appeal.   First, we address the substantive grounds asserted for jurisdiction over the appeal.   The record before the Court fails to reflect that the trial court granted permission to appeal, so section 51.014(d) does not provide us with jurisdiction over this appeal.  *See id.* § 51.014(d).   Moreover, the record before the Court fails to reflect that this matter involves an appeal by a governmental unit under section 51.014(a)(8), or otherwise implicates claims against the State under any section of the Tort Claims Act. *See id.* §§ 51.014(a)(8); 101.001-.109.   Appellant has failed to invoke any jurisdictional basis for an interlocutory appeal

Second, appellant asserts that he is appealing an "implicit" ruling that denies his plea to the jurisdiction as a governmental unit.   In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   Our appellate jurisdiction over interlocutory appeals must be strictly construed as a narrow exception to the general rule that only final judgments and orders are appealable.  *Bally Total Fitness Corp. v. J*ackson, 53 S.W.3d 352, 355 (Tex. 2001). Nevertheless, an appellate court may have jurisdiction over an interlocutory order which does not expressly deny a plea to the jurisdiction if it implicitly denies the plea by adjudicating the merits of a claim.  *See Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex.

3

2006) (holding that trial court's order ruling on merits of declaratory judgment claim constituted implicit denial of plea to jurisdiction and was appealable under section 51.014(a)(8)).

Appellant asserts that he is appealing the January 22, 2013 order sanctioning appellant for failing to produce discovery and the February 13, 2013 order which directs appellant to appear and show cause why he should not be adjudged in contempt of court. These orders do not expressly or even implicitly concern the merits of the lawsuit or jurisdiction, and accordingly, do not fall within the parameters of an interlocutory appeal denying a plea to the jurisdiction. *See City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston 2002, pet. denied) (holding that order granting motion for continuance and allowing discovery did not constitute implicit denial of plea to jurisdiction); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 Tex. App. LEXIS 2921, at **1–3 (Tex. App.—Austin Apr. 19, 2011, no pet.) (mem. op. on reh'g).

Third, appellant's notice of appeal asserts that he is appealing the show cause order of February 13, 2013; however, his briefing asserts that he is also appealing the January 22, 2013 order as an "implicit" ruling on the plea to the jurisdiction. Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. TEX. R. APP. P. 28.1. In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for

extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." *Id.* at R. 26.3, 28.1(b).

In the instant case, appellant did not file his notice of appeal until February 19, 2013, well beyond the deadline for appealing the January 22, 2013 order, and did not file a motion for extension of time. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663 (Tex. 2012) (calculating the deadline to appeal an interlocutory order from an order denying a plea to the jurisdiction rather than a second order denying a subsequent plea when the second plea raised the same grounds as the original plea).

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See In re R.D.*, 304 S.W.3d 368, 370 (Tex. 2010); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *see also Schwerin v. Nueces County Juvenile Bd.*, No. 13-10-00451-CV, 2012 Tex. App. LEXIS 4381,at \*\*7–8 (Tex. App.—Corpus Christi May 31, 2012, no pet.) (mem. op.). Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over the appeal. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); s*ee Lehmann*, 39 S.W.3d at 195.

### III. MOTION FOR SANCTIONS

We next address appellee's motion for sanctions against appellant. Appellee asserts that this appeal is fraught with misrepresentations and is frivolous. We have carefully examined these allegations and consider the matters alleged to be of some

concern.   Nevertheless, based on our review of the pleadings and record, we deny appellee's request for sanctions.   We are confident that the trial court will take any steps deemed necessary to ensure that the parties and their counsel strictly comply with their ethical and professional obligations in further proceedings below.

## IV. CONCLUSION

The Court, having considered the documents on file and the related briefing, is of the opinion that the appeal should be dismissed for want of jurisdiction.   Accordingly, appellee's motion to dismiss the appeal and for damages is granted in part and denied in part.   The motion is granted insofar as the appeal is dismissed for want of jurisdiction. The motion is denied with regard to the requested sanctions.   The appeal is dismissed for want of jurisdiction.   *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Delivered and filed the
21st day of March, 2013.

6