ACCEPTED
11-17-00135-CV
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
7/19/2017 11:12 AM
SHERRY WILLIAMSON
CLERK

## CASE NO. 11-17-00135-CV

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS
07/19/2017 11:12:25 AM
SHERRY WILLIAMSON
Clerk

IN THE COURT OF APPEALS
FOR THE ELEVENTH JUDICIAL DISTRICT OF TEXAS
AT EASTLAND

EASTLAND COUNTY APPRAISAL DISTRICT AND BROWN COUNTY
APPRAISAL DISTRICT,

*Appellants,*

v.

PENINSULA PIPELINES, LLC,

*Appellee.*

On Appeal from the 91st Judicial District Court, Eastland County, Texas,
Trial Court Cause No. CV-16-44175

## BRIEF OF APPELLEE

JOSHUA CARDEN LAW FIRM, P.C.

Joshua W. Carden
joshua@cardenlawfirm.com
State Bar No. 24050379
545 E. John Carpenter Freeway, Suite 300
Irving, Texas 75062
P. 972.674.3885
F. 972.674.2935

ATTORNEY FOR APPELLEE
PENINSULA PIPELINES, LLC

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Index of Authorities ...........................................................................................3

Summary of the Argument..................................................................................5

Argument...............................................................................................................7

I.      Introduction: A Battle of Labels .....................................................7

II.     Standard of Review – Pleas to the Jurisdiction ...........................8

III.    No Dismissals Have Occurred .......................................................10

IV.     Only One Amended Pleading Has Been Filed – And It Was Intentional......12

V.      "Neither the Case Style Nor The Title Of Pleading Determines Its Substance" ........................................................................... 13

VI.     Labeling It "Cumulative Pleading" Does Not Make It So .......... 15

VII.    Tax Code Section 42.221 Does Not Forbid The Trial Court From Managing This Consolidated Proceeding As It Has ................... 16

VIII.   Peninsula Pipeline's Separate Petitions Against Each Individual Appraisal District Do Not Actually Deprive The Court Of Jurisdiction...... 19

Prayer ...................................................................................................................20

Certificate of Compliance ................................................................................ 21

Certificate of Service..........................................................................................22

# INDEX OF AUTHORITIES

**Cases**

*City of Austin v. Whittington*, 384 S.W.3d 766 (Tex. 2012)......................................... 17

*City of Houston v. Norcini*, 317 S.W.3d 287 (Tex. App.--Hous. [1st Dist.] 2009, pet. denied) ........................................................................9

*Clanton v. Clark*, 639 S.W.2d 929 (Tex. 1982) ....................................................... 18

*County of Cameron v. Brown*, 80 S.W.3d 549 (Tex. 2002) ........................................9

*Dow Chem. Co. v. Francis*, 46 S.W.3d 237 (Tex. 2001)............................................ 18

*El Paso Cent. Appraisal Dist. v. Montrose Partners*, 754 S.W.2d 797 (Tex. 1988) .................................................................................... 17

*FKM Partnership v. Board of Regents,* 255 S.W.3d 619 (Tex. 2008) .........................10

*Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008) ................... 17

*In re Louis Dreyfus Pipeline LP Tax Litig..*, 339 S.W.3d 378 (J.P.M.L. 2008) ................................................................................................... 14

*In re R.D.*, 304 S.W.3d 368 (Tex. 2010) ................................................................ 17

*King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014)................................................................................................... 18

*Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455 (Tex. 1996) .................................................................................... 17

*Landis v. N. Am. Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ................... 18

*Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617 (Tex. 2005) ........................................................................................................8

*Martin v. Wilks*, 490 U.S. 755 (1989)..................................................................... 16

*Peek v. Equipment Serv.*, 779 S.W.2d 802 (Tex. 1989).............................................9

*Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex. 1974).................................. 17

*Rep. Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423 (Tex. 2004) ............................................................................................ 17

*Schroeder v. Brandon*, 141 Tex. 319, 172 S.W.2d 488 (1943) .................................... 18

*Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ............................................................................................ 8, 9

*Webb v. Jorns,* 488 S.W.2d 407 (Tex. 1972) ........................................... 10

*Woods Exploration & Prod. Co., Inc. v. Arkla Equip. Co.*, 528 S.W.2d 568 (Tex. 1975) ............................................................... 17

*Yamaha Motor Corp, U.S.A. v. Motor Vehicle Div., Tex. Dept. of Transp.*, 860 S.W.2d 223 (Tex. App.--Austin 1993, writ denied) ................... 8

**Constitution & Statutes**

Tex. Const. art. V, § 8 ....................................................................... 8

Tax Code § 42.21 ................................................................................ 9

Tax Code § 42.221 .................................................... 7, 11, 12, 14, 15

**Rules**

TRCP 1 .............................................................................................. 16

TRCP 40 ............................................................................................ 18

TRCP 41 ............................................................................................ 18

TRCP 62 ............................................................................................ 11

TRCP 68 ............................................................................................ 19

TRCP 71 ...................................................................................... 12, 18

TRCP 78 ............................................................................................ 19

## SUMMARY OF THE ARGUMENT

This case involves a rare, consolidated, nine-county, property tax case under Tax Code § 42.221. Taxpayer Peninsula Pipelines filed an original petition for review of Eastland County Appraisal Review Board orders, and then, as additional county ARBs issued their orders, filed additional petitions for each county – totaling six at the time this appeal was filed. Appellants Brown and Eastland, represented by the same counsel, filed pleas to the jurisdiction, suggesting that the trial court lacked subject matter jurisdiction to hear claims against them once the newer petitions were filed. The entire underpinning of Appellants' argument – then and now –is that each petition (despite their obvious substance and intent) was actually an "amendment" to the previous petition. The trial court rejected this strained argument, and properly denied those pleas.

On *de novo* review, this Court should have little difficulty addressing each of the Appellants' six points. First, no "dismissals" have occurred – each petition stands on its own in this consolidated proceeding. It is obvious from the substance of each pleading that it is designed to be part of a consolidated proceeding under the provision of the Tax Code that authorizes such.

Second, there is an obvious difference below between the county-specific petitions as filed, and a true "amended" pleading: Peninsula actually filed a "first amended petition" against Shackelford County Appraisal District to address a property omitted from the original account list contained in the Shackelford original petition.

Third, as Appellants openly admit, this Court (and the trial court below)

should not look at the style or title of the document but at the substance and evident intent of the pleading. Under that analysis, it is obvious that each petition stands on its own against each respective appraisal district. There is no possible way to view the substance and intent of each pleading in any other fashion.

Fourth, labeling the petitions as "cumulative" does not make them so. Though the cumulative effect of the petitions is to name all the relevant appraisal districts and all of the relevant multi-county property owned by Peninsula, the petitions themselves are individual to each appraisal district as discussed in Tax Code § 42.221.

Fifth, the district court below enjoys the broadest possible jurisdiction under the Texas Constitution, the Rules of Civil Procedure, and its docket-managing deference inherent in our multi-tiered court system. The idea that the trial court lacks subject matter jurisdiction over timely-filed petitions for review under Tax Code § 42.221 is simply ludicrous. Even if the petitions below were filed improperly, the trial court had multiple options under the Rules to order Peninsula to re-plead to correct any perceived deficiency.

Sixth, and finally, the separate petitions do not deprive the trial court of jurisdiction unless their substance, allegations, style, and evident intent are all ignored. A consolidated proceeding under Tax Code § 42.221 is a unique proceeding – there are no appellate cases discussing it. As such, the trial court should be afforded the opportunity to formulate its own approach to managing that proceeding. Appellants seek to escape litigation by a misapplied procedural argument that has no place in this consolidated proceeding. The trial court's ruling should be affirmed.

## ARGUMENT

## I.    INTRODUCTION: A BATTLE OF LABELS

The Appraisal Districts' creative use of labels in this case has brought us to this Court's door–perhaps in the Appellants' hopes that this Court will derogate an important taxpayer remedy that Appellants clearly dislike. Are taxpayer Peninsula Pipelines' individual-county petitions <u>really</u> "amended petitions" as claimed? Or supplemental? Or simply proper under the Tax Code and Rules of Civil Procedure? Putting the shoe on the other foot: did the Brown and Eastland Appraisal Districts <u>really</u> file a plea to the subject matter jurisdiction of the district court? Or is it perhaps a premature summary judgment motion? Should it have been a mandamus instead?

The statute governing this proceeding, Texas Tax Code § 42.221 ("Consolidated Appeals for Multicounty Property") owns little in the way of appellate precedent. However, the intent of the taxpayer Peninsula is clear in this case: <u>each petition</u> filed in this consolidated appeal addressed individual county Appraisal Review Board orders involving a large, RRC-regulated pipeline spanning nine counties – and each petition cross-references the larger proceeding. Under Section 42.221, these matters are to be (and were below) consolidated into a single proceeding. The trial court was perfectly within its constitutionally-expansive authority to a) accept jurisdiction as it did; b) order the individual matters severed into separate cause numbers; or c) fashion any other remedy the trial court could think of in exercising its broad discretion under the Civil Rules of Procedure.

Appellants have raised six points, each addressed below in turn, following a short section on the standard of review.

7

## II. STANDARD OF REVIEW – PLEAS TO THE JURISDICTION

At the outset, Peninsula notes that the Appellants' plea to the jurisdiction is the wrong procedural vehicle to argue their point. There is no basis in this case to question the trial court's subject matter jurisdiction over the issues presented below. Put another way, <u>even if Appellants are correct</u>, there is still a case below over which the trial court may exercise jurisdiction. Appellants are actually seeking a ruling that they are no longer parties to the case – not whether the case may continue to exist. This would seem to be the province of a motion to dismiss or motion for summary judgment, not a plea to the jurisdiction of the court. However, a jurisdictional plea was filed, and a jurisdictional plea was properly denied.

The appellate standard of review in this case is *de novo*, as whether a court has subject-matter jurisdiction is a question of law. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). It is axiomatic that district courts are courts of general jurisdiction. *Yamaha Motor Corp, U.S.A. v. Motor Vehicle Div., Texas Dept. of Transp.*, 860 S.W.2d 223, 230 (Tex. App.--Austin 1993, writ denied) (citing Tex. Const. art. V, § 8).

The Supreme Court of Texas on pleas to the jurisdiction:

> We begin our analysis with the assumption that a district court may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity, unless a contrary showing is made. A plea to the jurisdiction challenges the district court's authority to determine a cause of action. To invoke a court's authority, a plaintiff must allege facts that affirmatively demonstrate that the court has jurisdiction to hear the cause. To prevail on a plea to the jurisdiction, <u>the defendant must show an incurable jurisdictional defect apparent from the face of the pleadings making it impossible for the plaintiff's petition to confer jurisdiction on the district court</u>.

*Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 624 (Tex. 2005) (emphasis added and extensive citations omitted). In this case, opposing counsel has

not challenged the jurisdictional facts of each petition, merely the effect of the multiple petitions. This is important, because the Court should assume the truth of the jurisdictional facts alleged in the pleadings where the defendants have presented no evidence to negate their existence. *Miranda*, 133 S.W.3d at 227. Unless it is clear from the pleadings that the trial court lacks jurisdiction over the controversy, the Court should affirm the decision that the trial court has jurisdiction. *See Peek v. Equipment Serv.*, 779 S.W.2d 802, 804 (Tex. 1989). In reaching a decision on jurisdiction, the Court should not weigh the merits of the claims, but should consider only the pleadings, construed in Peninsula's favor, and any evidence pertinent to the jurisdictional inquiry. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *see also City of Houston v. Norcini*, 317 S.W.3d 287, 291 (Tex. App.--Hous. [1st Dist.] 2009, pet. denied). The Court should take as true all evidence favorable to Peninsula and "indulge every reasonable inference and resolve any doubts in [its] favor." *Miranda*, 133 S.W.3d at 228. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and Peninsula should be afforded the opportunity to amend. *Id*. at 226-27.

In this case, Peninsula's pleadings clearly demonstrate the jurisdiction of the trial court – the petitions were each filed timely after the respective county's Appraisal Review Board orders were issued. The Appellants' argument is really aimed at whether Brown CAD and Eastland CAD are still parties to the case – not whether the trial court had subject matter jurisdiction over the case itself. However, by styling it a "plea to the jurisdiction," the appraisal districts are taking advantage of the government's interlocutory appeal statutes and bringing this issue early to this Court. The Tax Code itself states that pleas to the jurisdiction are generally improper as long as the petition was timely filed. Tax Code § 42.21(h). Thus, the trial court's ruling was correct and should be affirmed by this Court.

9

## III.  NO DISMISSALS HAVE OCCURRED

Appellants start their brief on a willfully-blind assumption: that these separate petitions are all actually "amendments." Brief at 9. Thus, the argument goes, each petition replaced the previous petition and there is now only one county and one county's property in the lawsuit because the rest have been "amended out." Once an incorrect premise is established as a foundation, the resulting logic will be flawed as well. All of Appellants' cited case law likewise deals with "true" amended pleadings. *Id.* at 9-11. That is, pleadings that were intended to be amended pleadings.

*Webb v. Jorns*, for example, is a medical malpractice case in which the plaintiffs filed amended petitions arising from the same operative facts. 488 S.W.2d 407, 409 (Tex. 1972). Unsurprisingly, the Supreme Court held that, as the plaintiffs had intentionally filed <u>amended</u> petitions, the general rule of amended pleadings would operate to replace entirely the original with the amended. *Id.*

Similarly, *FKM Partnership v. Board of Regents* turned on the fact that the condemning authority "intended" to reduce the scope of its condemnation and filed pleadings actually entitled "amended petitions." 255 S.W.3d 619, 634 (Tex. 2008).

Rather conveniently, Appellants also argue that this Court should just "do what the appellate clerk did" in declaring <u>their own</u> motion to extend time moot after Appellants then filed an amended motion – a motion clearly intended to replace the previous motion and concerned with the identical subject matter. Brief at 11. Even there, it could be argued that the clerk's ruling was actually unnecessary if the replacement of the previous pleading was as "automatic" as Appellants suggest. However, the overall argument cannot be analogized to each of the consolidated

petitions filed below, which clearly are <u>not</u> intended to replace the other petitions against other counties but are instead stand-alone petitions filed in a consolidated proceeding under Tax Code § 42.221.

Returning to first principles, Rule 62 of the Rules of Civil Procedure define "amendment" (also quoted by Appellants): "<u>The object of an amendment</u>, as contra-distinguished from a supplemental petition or answer, is to add something to, or withdraw something from, that which has been previously pleaded…." (emphasis added). It is clear from looking at each petition in this matter that they do not have as their "object" the adding to or withdrawal of previously-pleaded material. Each petition stands on its own and is specifically labeled with the correct county. As required by Tax Code Section 42.221(d), the first filed petition (Eastland) lists the nine counties that are part of the consolidated proceeding. See Appellants' Appendix, Ex. C at ¶ 6. Each subsequent petition includes the correct county name in its title, and in the body of the petition lists the property accounts at issue in that county. See Appellants' Appendix, Exs. B-G. Each subsequent petition further identifies in the Introduction that it is the "[*x*] of nine filed pursuant to Tax Code § 42.221." *Id.* at ¶ 1. If there were any actual confusion as to what was being pleaded, the Appellants could have raised that issue by special exception. Appellants however seem more interested in escape than clarity.

The contrast between Appellants' case law and personal example could not be more clear – in looking at the "object" of each pleading, there is no doubt that each of Peninsula's petitions concerns different board orders, different property, and different counties, all expressly filed in a consolidated proceeding under Tax Code §

11

42.221. The Appellants' attempt to "label" these as "amended pleadings" should be rejected.

## IV. ONLY ONE "AMENDED" PLEADING HAS BEEN FILED – AND IT WAS INTENTIONAL

To further the previous argument, Peninsula <u>has</u> filed one amended pleading – intentionally so: the first amended petition was filed against Shackelford County in order to "add 1 property inadvertently omitted from the previous filing." Appellants' Appendix, Ex. H at ¶ 1. As additional tax years become ripe for adjudication, further amendments may also be required for each county's petition. Peninsula agrees: this amended petition against Shackelford has as its "object" the full replacement of the original petition against Shackelford. It does not dismiss other defendants, but simply adds (timely) an inadvertently omitted Shackelford County property account from the full list of accounts therein. The trial court obviously had little difficulty in distinguishing this amended pleading from the original petitions filed in the consolidated proceeding under Tax Code § 42.221. Yet, the case law argued by Appellants continues in the same vein as before: "once you presume that these are amended petitions, then the later petitions replace the former." Of course, <u>none</u> of those cases involved consolidated proceedings under Tax Code § 42.221. Appellants even cite TRCP Rule 71 to argue that "even if titled otherwise," these petitions should be considered amended petitions. Brief at 13. However, this is not the point of Rule 71: "<u>When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated.</u> Pleadings shall be docketed as originally designated and shall

remain identified as designated, unless the court orders redesignation. Upon court order filed with the clerk, the clerk shall modify the docket and all other clerk records to reflect redesignation." The Appellants are suggesting just the opposite of the heart of Rule 71, arguing instead that the trial court should have effectuated justice by throwing out the petitions clearly intended as part of a consolidated proceeding under Tax Code § 42.221. With the one solitary Shackelford exception, no amended petitions have been filed or intended. The trial court clearly has a handle on the difference between the one amended petition, and the individual petitions filed in the consolidated proceeding.

## V. "NEITHER THE CASE STYLE NOR THE TITLE OF PLEADING DETERMINES ITS SUBSTANCE"

This is the exact title of the corresponding argument section in Appellants' brief. Peninsula could not have worded it any better. Yet, Appellants ask this Court to apply title, style, and substance that do not exist; and <u>ignore</u> the <u>actual</u> substance of the petitions, the context of Tax Code § 42.221, and the discretion conferred upon the trial court by the Rules of Civil Procedure. Brief at 13-14. Appellants ask that the Court hold instead that, despite the obvious intent of each separate petition under the Tax Code, these are "amended" pleadings that somehow allow them to escape the litigation because they were named first and later "replaced" in the litigation. This is the diametric opposite of the principle announced in the title of this section.

Appellants quote five cases from around the state for the proposition that "However, the legal effect of a pleading is not determined by its style, but by its allegations and evident purpose." Brief at 14. Again, Peninsula could not agree more:

the "substance," allegations, and evident purpose of each petition are abundantly clear – these are individual petitions for a consolidated proceeding under Tax Code § 42.221 – a proceeding apparently so rare that no court of appeals has ever even mentioned it. The only case Plaintiff can find that (barely) addresses this provision is a reference to the statute in an attempted Multi-District Litigation case. "Pipeline property regulated by the Texas Railroad Commission and located in more than one county may be consolidated for appeal in the district court of any county in which an appraisal review board order is appealed." *In re Louis Dreyfus Pipeline LP Tax Litig..*, 339 S.W.3d 378, 380 (J.P.M.L. 2008) (citing Tax Code § 42.221). The MDL Panel rejected the case for consolidation under the MDL rules because the taxpayer had filed suits in multiple counties. *Id.* The Panel was noting that the taxpayer could have and had failed to use the process in Tax Code § 42.221. *Id.* Of course, that is the exact process that Plaintiff is striving to follow in this case, without much in the way of previous guidance to draw from.

Confusingly, after arguing that the style does not matter, Appellants then argue that the style <u>does</u> matter, because each petition after the first one merely names "Eastland County Appraisal District, et al." and that is somehow insufficient to keep them in the lawsuit. If this were an ordinary lawsuit, rather than a consolidated proceeding, that might be true. However, the petitions themselves, in their substance, allegations and evident purpose, are what keep Appellants in the proceeding – each with their own unique petition, allegations, and list of properties.

## VI. LABELING IT "CUMULATIVE PLEADING" DOES NOT MAKE IT SO

Appellants continue to blithely ignore the context of this case as a consolidated proceeding under Tax Code § 42.221. This is not a case of "cumulative" pleading. Appellee admittedly used that word once in its Response to the Pleas to Jurisdiction, but not as a term of art. The point, then and now, is that this is a case where each county requires (and has) its own petition, but the proceedings are consolidated in a single court under Tax Code § 42.221. Thus, "cumulatively," the sum total of all the allegations address each county and the properties in each county. That is why these should not be read as "amended" petitions. However, the 60-day limitations window mandated by the Tax Code to file a petition for review of ARB orders makes "single petition" pleading all but impossible in a multi-county property like this one. Case in point: three counties of the nine in this case have yet to even issue their ARB orders for 2016. Hence the multi-county option of Tax Code § 42.221. In <u>any other conceivable context</u>, there would be no basis for Appellee to file nine separate petitions against nine separate counties in a single district court. This is not a case of swapping out misnamed defendants or forgetting particular causes of actions. In fact, each petition is identical except for the initial list of counties in the Eastland petition as required by statute, the subsequent identification of each county's petition as 2 of 9, 3 of 9, etc., and the relevant list of properties and ARB order dates. Appellants are simply objecting to the part of the trial court's docket management over which Peninsula has no control – the internal filing at the district clerk's office. In fact, the undersigned counsel for Peninsula consulted with the district clerk before e-filing the

15

petitions to facilitate whatever internal procedures the district clerk would implement. Reporters Record II at P17 L14 – P18 L6. The district clerk could have applied a separate cause number, could have applied an extension number to the existing cause number, could have rejected the filing and requested that a new petition be submitted instead, etc. Instead, each petition was filed as indicated. None were "amended" (except Shackelford's by a specific amended pleading), none are "cumulative" – they are simply "consolidated" for purposes of Tax Code 42.221. The Appellants may be dissatisfied with the procedural methodology, but that is not "plea to the jurisdiction" material. The trial court absolutely retains jurisdiction over all of the individual petitions, and retains the discretion to make whatever docket modifications it deems necessary to proper case management of this consolidated proceeding under Tax Code § 42.221.

## VII. TAX CODE SECTION 42.221 DOES NOT FORBID THE TRIAL COURT FROM MANAGING THIS CONSOLIDATED PROCEEDING AS IT HAS

At its heart, the Appellants' argument suggests that the trial court is somehow incapable of recognizing and managing this case as a consolidated proceeding, and thus they should be let out of the case and escape any potential liability. This is not how justice is done in Texas.

Our systems of justice have a "deep-rooted historic tradition that everyone should have his own day in court." *Martin v. Wilks*, 490 U.S. 755, 762 (1989). Texas Rule of Civil Procedure 1 embodies this principle by emphasizing that "[t]he proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive

16

law." TEX. R. CIV. P. 1. Toward that end, "these rules shall be given a liberal construction" to balance the need for equitable adjudication against the desire for expedience. *Id.*; *Cf. Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008) ("[W]e have long interpreted the Rules of Appellate Procedure liberally in favor of preserving appellate rights."). The Texas Supreme Court has continually adhered to this principle. *See, e.g., in re R.D.*, 304 S.W.3d 368, 370 (Tex. 2010) ("Where practical, the rules of civil procedure are to be given a liberal construction in order to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under established principles of substantive law."); *El Paso Cent. Appraisal Dist. v. Montrose Partners*, 754 S.W.2d 797, 799 (Tex. 1988) ("Rules of Civil Procedure are to be given liberal construction."). And that Court has applied it to liberally interpret a number of rules of civil and appellate procedure. *See, e.g., Woods Exploration & Prod. Co., Inc. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex. 1975) (liberally interpreting Rule 430); *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex. 1974) (liberally interpreting Rule 330(b)); *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012) (liberally interpreting the right to cross-appeal under Rule of Appellate Procedure 25.1); *see also Higgins*, 257 S.W.3d at 688 (relying on a liberal interpretation of the Rules of Appellate procedure to hold a procedurally incomplete affidavit adequate to fulfill the fundamental purpose of Rule 20.1); *Rep. Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (liberally interpreting Rule of Appellate Procedure 38.1(h) to preserve an appellant's right to appeal despite a procedural error); *Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455, 456 (Tex. 1996) (liberally interpreting Rule of Appellate Procedure 40(a)(1) to

preserve an appellant's right to appeal).

Along with the freedom to liberally construe the Rules to effectuate justice, a trial court also has:

> "inherent power to control the disposition of cases 'with economy of time and effort for itself, for counsel, and for litigants.'" *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Accordingly, the "'discretion vested in the trial court over the conduct of a trial is great.'" *Id.* (quoting *Schroeder v. Brandon*, 141 Tex. 319, 172 S.W.2d 488, 491 (1943)). This discretion empowers a trial court to fulfill "a duty to schedule its cases in such a manner as to expeditiously dispose of them." *Clanton v. Clark*, 639 S.W.2d 929, 930 (Tex. 1982).

*King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014). In this case, the trial court has not issued any orders (or had the opportunity to) regarding the scheduling and management of the case because of the immediate "jurisdiction" fight brought by the Appellants. However, there is no indication that the trial court is ignorant of its discretion and its inherent ability to issue orders under Rule 71, or even Rules 40 and 41 for that matter. TRCP Rule 41 provides that:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

TRCP 40(b) allows the court to order separate trials in a joinder situation if necessary to prevent delay or prejudice. There is no shortage of options presented to the trial

court to correct any perceived flaw in this consolidated proceeding under Tax Code § 42.221. The trial court has full jurisdiction and discretion over these proceedings.

In the same vein, Rule 68 gives the trial court the option to order repleader to fix any perceived pleading problem. Rule 78 specifies that the pleadings may be "original and supplemental" – giving the trial court the ability to even consider all nine petitions in this case as supplemental if necessary to effectuate justice. There is no shortage of freedom for the trial court to make docket control decisions in this case. The Appellants claim that the "Tax Code does not allow cumulative pleading." Brief at 17. However, the Tax Code <u>does</u> allow for separate petitions to be filed against multiple counties in a Section 42.221 consolidated proceeding. It is the Appellants who labor to force each of these consolidated "pegs" into one "amendment" hole. The trial court correctly ignored those efforts.

## VIII. PENINSULA PIPELINE'S SEPARATE PETITIONS AGAINST EACH INDIVIDUAL APPRAISAL DISTRICT DO NOT ACTUALLY DEPRIVE THE COURT OF JURISDICTION

The end result of all of this analysis is that each petition against each county's appraisal district stands on its own within the consolidated action. Any amendments (to correct a mistake or add a subsequent tax year) filed by Peninsula will continue to address the exact pleading the amendment is replacing. Appellants state that "Section 42.221 provides that a plaintiff *may* consolidate appeals, but if it chooses to do so, it *must* file a petition for review of each appraisal review board order <u>in separate cause numbers</u>." Brief at 17. The underlined language does not appear in that, or any other, Tax Code section. Appellants are grasping at procedural straws, and imagining omitted words into existence, in a desperate attempt to avoid facing the

substantive issues in the lawsuit. The trial court, holding the broadest possible form of subject matter jurisdiction, has properly exercised that jurisdiction and retains the full discretion to manage this consolidated proceeding as it sees fit. Whether the trial court ultimately orders that the causes be severed into separate cause numbers, or separate trials, or <u>orders nothing of the sort</u>, there will be no problem with this consolidated matter proceeding under Tax Code Section 42.221 as intended.

## PRAYER

For the reasons set forth herein, Appellee Peninsula respectfully requests that the Court affirm the order of the trial court, holding either that a) the Appellants have improperly brought a jurisdictional challenge to argue this issue on appeal; or b) the Appellants have gotten the law wrong on Tax Code § 42.221 and the trial court retains full jurisdiction over all pleadings as filed. If the Court is concerned about future misapplication of Tax Code § 42.221, Appellee respectfully requests that the Court issue recommendations for trial courts and practitioners under the narrow confines of (and relative jurisprudential silence regarding) this particular statute – while still holding that the trial court retains jurisdiction over this matter.

RESPECTFULLY SUBMITTED this 19th day of July, 2017,

Joshua Carden Law Firm, P.C.

By: <u>s/Joshua W. Carden</u>
Joshua W. Carden
State Bar. No. 24050379
545 E. John Carpenter Freeway, Suite 300
Irving, Texas 75062
P. 972.674.3885
F. 972.674.2935
*Attorney for Appellee*

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 4,655 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Rule 9.4(i)(1), TEX. R. APP. P.

By: s/Joshua W. Carden

## CERTIFICATE OF SERVICE

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Appellate Procedure. I certify that a true copy of the foregoing was served by electronic service in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or the attorney for such party on July 19, 2017.

Kirk Swinney
kswinney@mvbalaw.com
Ryan L. James
rjames@mvbalaw.com
MCCREARY, VESELKA, BRAGG &ALLEN, P.C.
700 Jeffrey Way, Suite 100
Round Rock, TX 78665

A. Dylan Wood
dwood@pbfcm.com
PERDUE, BRANDON, FIELDER, COLLINS &MOTT, L.L.P
3301 Northland Dr., Ste. 505
Austin, Texas 78731

Judith A. Hargrove
judy@hellplaw.com
Jim Evans
jim@hellplaw.com
HARGROVE &EVANS, LLP
4425 Mopac South, Bld. 3, Ste. 400
Austin, Texas 78735

s/Joshua W. Carden
Joshua W. Carden
*Attorney for Appellee*
